IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

IN RE:                          )   00-10349/Chapter 12
                                )
JAMES L. SEXTON, JR.,           )   CHAPTER 12 PLAN
                                )
    Debtor.                     )

The Chapter 12 debtor says:

**PART I.**

1. The debtor is a family farmer and qualifies under 11 USC Section 109(f) and Section 101(17) and (18).

2. Marc Rudow is the Chapter 12 Trustee.

3. The debtor owns real property and improvements as follows:

   (a) 1.5 acres/homeplace, Walnut Cove Road, Henderson County, N.C. as tenant in common; fair market value of approximately $64,500.00;

   (b) 104 acres, Transylvania County, North Carolina; partnership interest/Sexton Dairy Farm; fair market value of approximately $105,000.00;

   (c) 48/52 acres, farm property, Crab Creek, Henderson County, North Carolina; partnership interest/Sexton Dairy Farm; fair market value of approximately $135,000.00; and

   (d) 62 acres, Little River Township, Transylvania County, North Carolina; fair market value of approximately $125,000.00.

4. The debtor owns personal property with a fair market value of approximately $2,500.00 in personal property and approximately $10,000.00 partnership interest in the personal property of Sexton Dairy Farm.

5. The debtor owns no non-exempt unencumbered assets.

**PART II**

1. The debtor, through Sexton Dairy Farm, has the following contingent priority creditors:

   Henderson County Tax Collector        $    1,656.02
   Internal Revenue Service                     500.00
   Transylvania County Tax Collector         11,000.00



2. The secured claimed indebtedness of the debtor totals approximately $195,500.00 as follows:

| | |
|---|---|
| Chrysler Credit (vehicle) | $  22,000.00 |
| USA/farm residence loan |    64,500.00 |
| USA/FSA | 125,000.00 |

The debtor has contingent secured indebtedness as partner of Sexton Dairy Farm of approximately $215,000.00.

3. The unsecured indebtedness of the debtor totals approximately $907,581.79 as indicated on Schedule F, copy attached, of the debtor's petition with potential contingent/unliquidated claims of USA/FSA.

### PART III - INCOME

The debtor is farming various agricultural crops each year from which he should receive approximately $200,000.00 to $225,000.00 gross receipts. The debtor expends approximately $100,000.00 to $115,000.00 on the cost of farming.

### PART IV - PLAN

The debtor propose to pay his creditors primarily from farm income as follows:

A. CLASSES:

Class 1. Administrative. In conjunction with the Chapter 12 proceedings of Sexton Dairy Farm and Charles E. Sexton, the plan will first pay all administrative claims including but not exclusively court costs, accountant(s), trustee expenses, attorney for the trustee (if any), attorney(s) for the debtor and any other administrative claims so ordered by the Court. These costs are estimated to be approximately $31,200.00 ($6,200.00 to Marc Rudow, Trustee, and $25,000.00 to David Gray, attorney for debtors).

Class 2. Priority Claims of governmental units to the extent they are entitled to priority under 11 USC Section 507 shall be deferred and paid by quarterly payments, reconciled annually, over a five year period from the date of assessment or date of filing; no interest will be paid to priority claimants. This debtor has no direct priority claims but is contingently liable for Sexton Dairy Farm's priority claims which will be paid in the Chapter 12 proceeding of Sexton Dairy Farm. If Sexton Dairy Farm does not pay, this debtor will thereafter pay this class in conjunction with or in lieu of the Sexton Dairy Farm and Charles E. Sexton proceedings.

Class 3. Secured Claim of Chrysler Credit: The debtor shall maintain his regular contract payments to Chrysler Credit on debt secured by debtor's personal vehicle. Chrysler Credit shall retain its lien and conditions of the loan documents held by it.

Class 4. Secured Claim of Carolina Farm Credit, ACA: The allowed secured indebtedness as of the petition date shall be paid by Sexton Dairy Farm; if Sexton Dairy Farm does not pay the confirmed Chapter 12 plan payment, this debtor, in conjunction with the Chapter 12 debtor, Charles E. Sexton, will assume and pay the plan payment. Carolina Farm Credit, ACA shall retain its lien on real property and improvements and conditions of the loan documents held by it.

Class 5. Impaired Secured Claim of U.S.A./Farmers Home Administration/Farm Service Agency secured by 52 acres in Henderson County, North Carolina: The allowed secured indebtedness as of the petition date shall be approximately $135,000.00 with simple annual percentage rate of 8% payable by annual payments based on 30 year amortization and shall be paid by Sexton Dairy Farm; if Sexton Dairy Farm does not pay the confirmed Chapter 12 plan payment, this debtor, in conjunction with the Chapter 12 debtor, Charles E. Sexton, will assume and pay the plan payment. USA/FSA shall retain its lien on real property and improvements and conditions of the loan documents held by it.

Class 6. Impaired Secured Claim of U.S.A./Farmers Home Administration/Farm Service Agency secured by 62 acres in Transylvania County, North Carolina: The allowed secured indebtedness as of the petition date shall be approximately $125,000.00 with simple annual percentage rate of 8% payable by annual payments based on 30 year amortization and shall be paid by Sexton Dairy Farm; if Sexton Dairy Farm does not pay the confirmed Chapter 12 plan payment, this debtor, in conjunction with the Chapter 12 debtor, Charles E. Sexton, will assume and pay the plan payment. USA/FSA shall retain its lien on real property and improvements and conditions of the loan documents held by it.

Class 7. Impaired Secured Claim of U.S.A./Farmers Home Administration/Farm Service Agency: The allowed secured indebtedness as of the petition date shall be approximately $10,000.00 with simple annual percentage rate of 8% payable by annual payments based on 15 year amortization and shall be paid by Sexton Dairy Farm; if Sexton Dairy Farm does not pay the confirmed Chapter 12 plan payment, this debtor, in conjunction with the Chapter 12 debtor, Charles E. Sexton, will assume and pay the plan payment. USA/FSA shall retain its lien on personal property and conditions of the loan documents held by it.

Class 8. Impaired Secured Claim of USA for farm residence loan. The allowed secured indebtedness as of the petition date shall be approximately $64,500.00 with simple annual percentage rate of 8% payable by annual payments based on 30 year amortization. USA/FHA shall retain its lien on personal property and conditions of the loan documents held by it.

Class 9. Impaired Unsecured Claims: there is approximately $782,095.00 in unsecured indebtedness. In conjunction with Sexton Dairy Farm and Charles E. Sexton, the debtor shall pay 2.5% of the

allowed unsecured claim amount to allowed claimants. Payments shall be made to the Chapter 12 Trustee over a five (5) year period by regular annual payments of approximately $12,237.80 per year. The first annual payment is due on or before March 15, 2001 and on or before March 15 of each year thereafter for a total of five (5) consecutive years.

B. TRUSTEE:

In conjunction with the Chapter 12 proceedings of Sexton Dairy Farm and Charles E. Sexton, the Chapter 12 Trustee shall receive from the debtor the indicated amounts and shall disburse the amounts to the unsecured creditors as quickly as possible. The Trustee shall retain five percent (5%) for his fee and five percent (5%) for his cost from amounts received from the debtor for a total fee and cost amount of approximately $6,200.00.

### PART V - PROVISIONS

A. General Proviso: Notwithstanding any of the terms and conditions of the plan, disputed claims shall be paid only upon allowance by the Court. Upon confirmation, the debtor will be revested with his assets subject only to all outstanding liens which are not avoidable by the debtor under the provisions of Title 11 of the Code, and entitled to manage his affairs without further orders of this Court. However, subject to the debtor being so revested with his assets, the Court will retain jurisdiction until the plan has been fully consummated and the file closed, for adversaries or other matters pending post-confirmation, or as otherwise indicated in this plan or confirmation order.

B. Default Proviso: The default period for Classes 4 through 8 is 30 days from written notice of default by the creditor(s) after February 15.

After default notice is final and debtor has fully defaulted, the debtor or creditors shall have the option to request the Chapter 12 Trustee to liquidate the debtor's property, if appropriate.

C. Effective Date. The effective date of this plan shall be 60 days from the date that the United States Bankruptcy Court enters its order confirming this plan.

D. Vesting of Property: Upon confirmation of the plan, all of the property of the Chapter 12 estate shall vest in the debtor.

E. Avoidance of Liens on Exempt Property: Any judgment or secured claim will be objected to as lien claims based on the valuation of the secured property with said claims being paid as unsecured claimants in Class 9.

## PART VI - COMPLIANCE

A. Compliance with Laws and Good Faith. The debtor believes that the plan complies with all provisions of Chapter 12 and any other applicable provisions of the Bankruptcy Code, that the plan has been proposed in good faith and not by any means forbidden by law, and that all fees, charges or amounts required to be paid before confirmation have been paid.

    (1) The plan:
      (a) provides for the submission of all or such portion of future earnings or other future income of the debtor to the supervision and control of the trustee as is necessary for the execution of the plan;

      (b) provides for the full payment, in deferred cash payments, of all claims entitled to priority under 11 USC Section 507, unless the holder of a particular claim agrees to a different treatment of such claim;

    (c) provides for the same treatment for each claim or interest within a particular class unless the holder of a particular claim or interest agrees to less favorable treatment;

    (d) designates a class or classes of unsecured claims, as provided in 11 USC Section 1122 but does not discriminate unfairly against any class so designated; the plan treats claims for a consumer debt of the debtor if the debtor, individually, is liable on such consumer debt with the debtor differently than other unsecured claims;

    (e) modifies the rights of holders of secured claims, or of holders of unsecured claims;

    (f) provides for the curing or waiving of any default;

    (g) provides for payments on any unsecured claim to be made concurrently with payments on any secured claim or any other unsecured claim;

    (h) provides for the assumption, rejection or assignment of any executory contract or unexpired lease of the debtor not previously rejected;

    (i) provides for payment of all or part of claims against the debtor from property of the estate or property of the debtor;

    (j) provides for payment of allowed secured claims consistent with 11 USC Section 1225(a)(5) over a period exceeding the period permitted under 11 USC Section 1222;

(k) provides for the vesting of property of the estate, on confirmation of the plan or at a later time, in the debtor or in any other entity;

(l) is contemplated to be five (5) years pursuant to court permission under 11 USC Section 1222(c);

(m) complies with the provisions of 11 USC Section 1201 et seq and with the other applicable provisions of that title;

(n) provides that any fee, charge or amount required under Chapter 123 of 28 USC Section 1911 et seq or by the plan to be paid before confirmation, has been paid;

(o) has been proposed in good faith and not by any means forbidden by law;

(p) provides that the value, as of the effective date of the plan, of property to be distributed under the plan on account of such allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under Chapter 7 of 11 USC Section 701 et seq on such date;

(q) provides, with respect to each allowed secured claim called for by the plan that the holder of such claim has accepted the plan, retains the lien securing such claim and that the value, as of the effective date of the plan, of property to be distributed by the trustee or the debtor under the plan on account of such claim is not less than the allowed amount of such claim;

(r) provides, as of the effective date of the plan, that the value of the property to be distributed under the plan to allowed unsecured claims on account of such claim is not less than the amount of the claim;

(s) provides that all of the debtor's projected disposable income to be received in the three year period, or such longer period as the Court may approve under 11 USC Section 1222(c), beginning on the date that the first payment is due under the plan will be applied to make payments under the plan;

(t) provides for purposes of the plan that "disposable income" means income which is received by the debtor and which is not reasonably necessary to be expended for the maintenance or support of the debtor or dependent of the debtor or for the payment of expenditures necessary for the continuation, preservation and operation of the debtor's business

(2) The debtor will be able to make all payments under the plan and to comply with the plan.

(3) The plan hearing and confirmation shall continue from month to month for cause until finalized by the Court.

B. Feasibility. Based upon the projected income and expenditures contained in the debtor's Chapter 12 statement, the debtor believes that they will be able to make all payments required by the plan.

C. Chapter 7 Comparison. Based upon the values of the debtor's assets and the amount of secured and unsecured claims as set forth in the debtor's Chapter 12 statement, the debtor believes that the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under Chapter 7 of the Bankruptcy Code. The debtor believes that there would be no return to general unsecured creditors under a Chapter 7 proceeding.

## PART VII - DISCHARGE

Pursuant to 11 USC Sections 1228, 523, 524 and 727, any and all amounts due by the debtor to his creditors shall be discharged upon confirmation. The debtor shall issue promissory notes to the creditors reflecting the confirmed plan and new indebtedness to the creditors.

The debtor declares under penalty of perjury that the foregoing statements are true and correct to the best of his knowledge.

This the 27th day of July, 2000.

_____
James L. Sexton, Jr. Debtor

_____
David G. Gray, Attorney for Debtor
WESTALL, GRAY, CONNOLLY & DAVIS, P.A.
81 Central Avenue
Asheville, North Carolina 28801
Tel: 828/254-6315